**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

FEDERAL INSURANCE COMPANY,

                                                    Civil No. 21-2093 (JRT/DTS)
                            Plaintiff,

v.

                                          **MEMORANDUM OPINION AND ORDER**
3M COMPANY,                               **DENYING PLAINTIFF'S MOTION TO**
                                          **AMEND ORDER TO CERTIFY FOR APPEAL**


                            Defendant.

---

Catherine Geisler, Todd S. Schenk, and Zachary R. Greening, **TRESSLER LLP**, 233 South Wacker Driver, Sixty-First Floor, Chicago, IL 60606; Charles E. Spevacek, **MEAGHER & GEER, PLLP**, 33 South Sixth Street, Suite 4400, Minneapolis, MN 55402, for plaintiff.

Jared Zola, **BLANK ROME LLP**, 1271 Avenue of the Americas, New York, NY 10020; James R. Murray and Omid Safa-Esfahani, **BLANK ROME LLP**, 1825 Eye Street Northwest, Washington, DC 20006; Andrew J. Pieper and Bradley R. Prowant, **STOEL RIVES LLP**, 33 South Sixth Street, Suite 4200, Minneapolis, MN 55402, for defendant.


Federal Insurance Company ("Federal") and 3M Company ("3M") seek declarations of coverage under insurance policies for injuries allegedly caused by a 3M product. 3M is a defendant in more than 5,000 product liability cases arising from the design and manufacture of the Bair Hugger Patient Warming System that have been centralized in a multidistrict litigation ("MDL") proceeding in the District of Minnesota. Federal issued product liability insurance policies covering some but not all the cases against 3M. The

parties dispute, among other things, if 3M must pay a deductible for each injury under the terms of the insurance policy, or if it need only pay one deductible per policy period. The parties filed cross motions for partial summary judgment on this issue, and the Court held that 3M is only responsible for one deductible per policy period.

Federal has now filed a motion urging the Court to amend its summary judgment order and certify it for interlocutory appeal, primarily arguing that the Court did not apply controlling Minnesota law. Because the Court finds that Federal has failed to show that there are substantial grounds for a difference of opinion and that an interlocutory appeal would materially advance the ultimate termination of this litigation, the Court will deny the motion.

**BACKGROUND**

The Court has previously explained the factual history of this litigation and need not detail it again here. *See Fed. Ins. Co. v. 3M Co.*, No. 21-2093, 2022 WL 17176889, at *1–5 (D. Minn. Nov. 23, 2022). Thousands of product liability claims have been filed against 3M seeking damages for bodily injuries caused by defects in the design, development, manufacturing, and sale of the Bair Hugger product, which was created to maintain a patient's body temperature during surgery. *Id.* at *1–2. 3M is the successor in interest to product liability insurance policies issued by Federal, and some of the alleged bodily injuries took place while those policies were in effect. *Id.* at *2.

On September 22, 2021, Federal filed a complaint seeking (1) a declaratory judgment that each claimant's alleged injury is a separate occurrence or event

representing a separate deductible 3M is responsible for; (2) a declaratory judgment that

defense costs in the MDL should be allocated to Federal and 3M each billing period by

defense counsel based on the proportion of claimants whose surgeries took place while

the policies were in effect; and (3) a declaratory judgment that Federal is only obligated

to pay for the necessary and reasonable defense costs incurred after it received notice

from 3M.  (Federal's Compl. ¶¶ 43–60, Sept. 22, 2021, Docket No. 1.)  3M answered and

filed three counterclaims against Federal (1) seeking a declaratory judgment that a single

deductible applies to the MDL for each policy period, rather than one per claimant; (2)

seeking a declaratory judgment that Federal is obligated to defend the entire MDL and

pay all fees and expenses necessary to defend the MDL, regardless of the proportion of

covered claims in the MDL; and (3) a breach of contract claim alleging Federal refuses to

acknowledge its full defense obligation and has not paid any of the costs it is obligated to

pay.  (3M's Counterclaim ¶¶ 54–76, Nov. 23, 2021, Docket No. 19.)

       The parties then filed cross motions for partial summary judgment to resolve (1)

the number of applicable deductibles and (2) whether the litigation costs of the MDL

should be allocated based on the proportion of the claimants covered by the policies or

whether Federal is responsible for the full cost.  (3M's Mot. for Partial Summ. J., Mar. 25,

2022, Docket No. 30; Federal's Mot. for Summ. J., Apr. 15, 2022, Docket No. 35.)

       The Court entered a partial summary judgment order on November 23, 2022.  *Fed.*

*Ins. Co.* at *12–13, 2022 WL 17176889.  As to the first issue, the Court held that 3M was

liable for paying one deductible for each policy period, rather than each individual injury allegedly caused by the product. *Id.* at *1. The Court found *H.B. Fuller Co. v. United States Fire Ins. Co.*, No. 09-2827, 2012 WL 12894484 (D. Minn. Mar. 2, 2012), instructive. *Fed. Ins. Co.*, 2022 WL 17176889, at *5–6. Though Federal urged the Court to apply the standard from *In re Silicone Implant Ins. Coverage Litig.* ("*SBI*"), 652 N.W.2d 46 (Minn. Ct. App. 2002), *aff'd in part, rev'd in part*, 667 N.W.2d 405 (Minn. 2003), the Court found *SBI* inapplicable and not a reliable prediction of how the Minnesota Supreme Court would rule on this issue. *Fed. Ins. Co.*, 2022 WL 17176889, at *7. On the second issue, the Court held that Federal was only obligated to pay defense costs associated with individual cases within the MDL that pertained to claims arguably covered by the policies. *Id.* at *1.

Federal then filed a Motion to Amend Order to Certify for Appeal. (Federal's Mot. Amend Order Certify Appeal, Dec. 22, 2022, Docket No. 53.) Federal asks the Court to certify only the first issue for interlocutory appeal. (Fed.'s Mem. Supp. Mot. at 1, Dec. 22, 2022, Docket No. 55.) Federal argues that the issue satisfies the requirements of 28 U.S.C. § 1292(b) for certification, in part because the Court did not apply *SBI*, which it argues should have been treated as controlling Minnesota law. (*Id.* at 8–9.) 3M opposes Federal's motion, asserting that this matter is not a controlling issue of law, there is not substantial ground for difference of opinion, and an immediate appeal would not materially advance the ultimate termination of the litigation. (*See generally* 3M's Mem. Opp. Mot., Jan. 12, 2023, Docket No. 59.)

## DISCUSSION

### I.  STANDARD OF REVIEW

The federal courts of appeals have jurisdiction over "all final decisions of the district courts." 28 U.S.C. § 1291. Under certain circumstances, a district court may determine that an otherwise non-final order may be certified for interlocutory appeal under 28 U.S.C. § 1292(b). That statute, in relevant part, provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). Thus, a party seeking certification for an interlocutory appeal must show that "(1) there is a controlling question of law, (2) there is a substantial ground for difference of opinion as to that controlling question of law, and (3) an immediate appeal may materially advance the ultimate termination of litigation." *Shukh v. Seagate Tech., LLC*, 872 F. Supp. 2d 851, 860 (D. Minn. 2012) (citation omitted).

A motion for certification "must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) (citation omitted). Section 1292 is "to be used only in extraordinary cases where decision of

-5-

an interlocutory appeal might avoid protracted and expensive litigation" and "was not intended merely to provide review of difficult rulings in hard cases." *Union Cnty, Iowa. v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (quoting *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (per curiam)). Furthermore, it has "long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants." *White*, 43 F.3d at 376 (quoting *Control Data Corp. v. Int'l Bus. Machs. Corp.*, 421 F.2d 323, 325 (8th Cir. 1970)).

## II.    ANALYSIS

Federal claims that the number of "occurrences" under the insurance policies issued by Federal, which in turn determines how many deductibles 3M is responsible for, is a controlling question of law well-suited for interlocutory appeal. However, the Court will deny Federal's motion because Federal fails to satisfy the three requirements for the issue to be certified for appeal.

### A.    Controlling Question of Law

The first requirement for an issue to be certified for interlocutory appeal under 28 U.S.C. § 1292(b) is that it involves a controlling legal question. "A question of law is controlling if reversal of the district court's order would terminate the action, or even if its resolution is quite likely to affect the further course of litigation." *Hazelden Betty Ford Found. v. My Way Betty Ford Klinic, GmbH*, No. 20-409, 2021 WL 3711055, at *3 (D. Minn. Aug. 20, 2021) (citation omitted). "A legal question of the type referred to in § 1292(b)

-6-

contrasts with a matter for the discretion of the trial court." *White*, 43 F.3d at 377 (internal quotation omitted); *see also Fenton v. Farmers Ins. Exchange*, No. 07-4864, 2010 WL 1006523, at *2 (D. Minn. Mar. 16, 2010) (declaring there must be a controlling question of law, not merely a question of fact, to certify an interlocutory appeal).

The number of deductibles 3M is responsible for is a controlling question of law in this litigation. The resolution of this issue depends on the Court's interpretation of the insurance policy, which Minnesota courts have repeatedly held is a matter of law—not fact. *E.g., Midwest Family Mut. Ins. Co. v. Wolters*, 831 N.W.2d 628, 636 (Minn. 2013); *Network F.O.B., Inc. v. Great Am. Ins. Co. of N.Y.*, 30 F. Supp. 3d 831, 833–34 (D. Minn. 2014) (citing *Am. Family Ins. Co. v. Walser*, 628 N.W.2d 605, 609 (Minn. 2001)).

Moreover, this is a critical question in this specific litigation. If the Eighth Circuit were to overturn the Court's partial summary judgment order, it would greatly alter the course of this litigation and the parties' negotiation efforts. According to Federal's estimation, if the order were reversed by the Eighth Circuit, the total deductible owed by 3M would increase from around $370,000 to between $60,000,000 and $72,250,000. (Fed.'s Mem. Reply Mot. at 6, Jan. 26, 2023, Docket No. 61.) Resolution of this issue is "quite likely to affect the further course of litigation." The Court therefore finds that this is a controlling question of law.

### B.    Substantial Ground for Difference of Opinion

The second requirement for interlocutory appeal under 28 U.S.C. § 1292(b) is that there be substantial ground for difference of opinion. This is where Federal's request for

certification for interlocutory appeal fails. Substantial ground for difference of opinion exists if the party asking for interlocutory appeal has identified "a sufficient number of conflicting and contradictory opinions [that] provide substantial ground for disagreement." *White*, 43 F.3d at 378 (internal quotation omitted). Merely a "dearth of cases" on the issue, without contradictory opinions, does not constitute substantial ground for difference of opinion. *Id.*

Federal argues there is a substantial ground for difference of opinion here because the Court relied on *H.B. Fuller* in its analysis, which Federal argues conflicts with *SBI. See Fed. Ins. Co.*, 2022 WL 17176889, at *5–6. However, these two opinions are not directly in conflict as *H.B. Fuller* grapples with the number of "occurrences" and *SBI* focuses on the timing of individual injuries. In *H.B. Fuller*, the District of Minnesota considered whether an insured was liable for a single deductible or multiple deductibles for multiple products liability actions. *H.B. Fuller*, 2012 WL 12894484, at *1-2. As the Court discussed in the partial summary judgment order, the result in *H.B. Fuller* turned on the meaning of "occurrence" in the insurance policy—much like the insurance policy at issue in this litigation. *Id.* at 9. The *H.B. Fuller* court concluded that there was a single occurrence (the manufacturing of asbestos) not a separate occurrence for each injury. *Id.*

*H.B. Fuller* relied on *Northern States Power Co. v. Fidelity and Cas. Co. of N.Y.* ("*NSP*"), 523 N.W.2d 657, 664 (Minn. 1994). In *NSP*, the Minnesota Supreme Court concluded there was single "occurrence" due to the nature of the damage—continuous

-8-

and repetitive discharge of contaminating coal tar and oxide—not multiple occurrences from the discrete injuries caused by those contaminants. *H.B. Fuller*, 2012 WL 12894484, at *9. The Minnesota Supreme Court in turn found persuasive *Uniroyal, Inc. v. Home Ins. Co.*, 707 F. Sup. 1368, 1383 (E.D.N.Y. 1988), which similarly held that an ongoing exposure to a hazardous condition must be treated as a single, continuous occurrence. As the Eighth Circuit explained, *NSP* and *Uniroyal* "in effect . . . create a legal fiction that a single, continuous occurrence spanning multiple policy periods constitutes a single occurrence in each policy period," in order to "avoid the absurd situation where a condition causing hundreds of thousands of injuries would constitute hundreds of thousands of occurrences, forcing the insured to pay for hundreds of thousands of [claims]." *Diocese of Winona v. Interstate Fire & Cas. Co.*, 89 F.3d 1386, 1390 n.5 (8th Cir. 1996).

Federal urges that *H.B. Fuller* is in conflict with *SBI.* In *SBI*, the Minnesota Court of Appeals considered **when** the "occurrence" happened for individuals injured by allegedly faulty breast implants. *SBI*, 652 N.W.2d at 67–68. The court of appeals held that each individual bodily injury or surgery was an occurrence, rather than a single occurrence when the implants were manufactured. *Id.* Federal argues that *SBI* should be applied here because it is factually analogous.

However, the Eighth Circuit has explained that cases like *NSP* and *Uniroyal* are distinct from cases considering when an insurance policy is triggered, such as *SBI.* Courts interpreting insurance policies must distinguish an "occurrence" from "injury." *Diocese*

*of Winona*, 89 F.3d at 1390 n.5 (finding the occurrence to be the continuous and repeated exposure of a minor to the negligent supervision of an abusive priest, rather than each instance of abuse). "The occurrence results in the injury, but the events constituting the occurrence are distinct from the resulting injury." *Id.* In fact, the "'occurrence' and the 'injury' it produces need not have any relationship to each other in time or place." *Id.*

As the Court explained in the partial summary judgment order, the distinction between occurrence and injury is key because *SBI* relies on cases that concern the timing of an injury and policy triggering issues, not the number of occurrences. *Fed. Ins. Co.*, 2022 WL 17176889, at *7. In contrast, *H.B. Fuller*, *NSP*, *Uniroyal*, and this action all deal with the number of occurrences. *See Fed. Ins. Co.*, 2022 WL 17176889, at *7. Accordingly, *SBI* is not in direct conflict with *H.B. Fuller* and other cases addressing the numerosity of occurrences. There is therefore no substantial ground for difference of opinion.

Even if *SBI* focused on the number of occurrences, rather than timing of injuries, the Court would not find a substantial difference of opinion exists here because Federal's argument "focuses almost entirely on potential differences of opinion regarding the Court's application of law to the facts of the case, not the Court's legal interpretation." *Hazelden Betty Ford Found.*, 2021 WL 3711055, at *3. Federal states that "this Court did not apply controlling Minnesota law, which requires a finding that each bodily injury to a plaintiff in the Bair Hugger MDL . . . is a separate occurrence." (Fed.'s Mem. Supp Mot. at 1.) But that is not accurate. The Court considered *SBI*, but ultimately found that

Minnesota Supreme Court precedent—namely *NSP* and how it was interpreted by the District of Minnesota in *H.B. Fuller*—to be more relevant and a better indication of how the Minnesota Supreme Court would rule in this instance. *Fed. Ins. Co.*, 2022 WL 17176889, at *7–8.

Because Federal has not shown substantial difference of opinion exists, the Court must deny its motion.

### C.    Materially Advance the Ultimate Termination of Litigation

Though Federal fails to satisfy the second element for interlocutory appeal, the Court will consider the final factor for the sake of completeness.  A party seeking certification for interlocutory appeal under 28 U.S.C. § 1292(b) bears the burden to show than an immediate appeal may materially advance the ultimate termination of the litigation.  The Court may find that certification of an interlocutory appeal "would be appropriate if there would be a great amount of time and expense required to proceed with litigation in comparison with the time and expense of staying the proceedings and pursuing an immediate appeal." *Fenton*, 2010 WL 1006523, at *2.

Here, the Court's summary judgment order was only a partial order, and Federal has only asked to appeal one portion of that partial order.  Even if the Eighth Circuit were to reverse the Court's holding on this discrete issue, there are many issues remaining in this litigation such that an immediate appeal would not save "a great amount of time and expense."  Federal has failed to show that an interlocutory appeal would materially advance the ultimate termination of the litigation.

-11-

Because Federal failed to satisfy the three elements required under 28 U.S.C. § 1292(b) to certify the Court's partial summary judgment order for interlocutory appeal, the Court will deny Federal's motion.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff/Counterclaim-Defendant Federal Insurance Company's Motion to Amend Order to Certify for Appeal [Docket No. 53] is **DENIED**.

DATED:  May 26, 2023
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge